UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFRY J. SCOTT,<br><br>             Plaintiff,<br><br>      v.<br><br>TIMOTHY F. GEITHNER,<br><br>             Defendant.<br>_____/ | No. C-10-5457 EMC<br><br>**ORDER DISMISSING PLAINTIFF'S FIRST AMENDED COMPLAINT WITHOUT PREJUDICE**<br><br>**(Docket No. 8)** |

Plaintiff Jeffry Scott has filed suit against Defendant Timothy Geithner, Secretary of the Treasury, alleging tort and contract claims. On February 14, 2011, this Court granted Plaintiff leave to proceed *in forma pauperis* and dismissed his Complaint with leave to amend. *See* Docket No. 6. Plaintiff timely filed his First Amended Complaint (Docket No. 8) on March 15, 2011. After reviewing the First Amended Complaint as well as the entire record of this case, the Court hereby **DISMISSES** the First Amended Complaint without prejudice pursuant to 28 U.S.C. § 1915(e)(2) for the reasons that follow.

**I.     DISCUSSION**

Title 28 U.S.C. § 1915(e)(2) requires a court to dismiss any case in which a litigant seeks leave to proceed *in forma pauperis* if the court determines that the action is (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2).

Mr. Scott's First Amended Complaint ("FAC") appears to allege (1) that Secretary Geithner (*i.e.*, the Treasury Department, or more specifically, the IRS) inappropriately initiated an

1  administrative assessment against him (FAC ¶¶ 11, 14), (2) that the assessment procedure
2  improperly failed to take into account the type of income listed on Plaintiff's tax forms (FAC ¶ 27),
3  and (3) that the IRS is improperly withholding Plaintiff's tax "refunds" (FAC ¶¶ 8, 10, 13, 15, 19).
4  Taken together, the ultimate harm appears to extend from the failure to refund moneys alleged owed
5  to Plaintiff. As a result, he claims to have suffered "grievous financial hardship [and] social
6  embarrassment." FAC ¶ 25. According to Plaintiff, the conduct alleged amounts to Constitutional
7  violations (FAC ¶¶ 5, 25) as well as *ultra vires* action or actions otherwise inconsistent with 26.
8  U.S.C. § 6201 (tax assessment authority) (Am. Comp. ¶¶ 13, 17).[1] Plaintiff essentially requests that
9  the Court order Secretary Geithner to review Plaintiff's tax forms, conduct a proper assessment, and
10 issue a refund to Plaintiff for the years 1998 to 2009. *See* FAC ¶¶ 23, 28-32. Plaintiff also seeks
11 reimbursement of costs expended on this lawsuit. *Id.* at ¶ 33.

12 Although Plaintiff has alleged that he worked as an unlicensed merchant mariner during the
13 relevant time period (FAC ¶ 4), and has provided an example of a Form 4852, he does not describe
14 *when* particular events happened or with sufficient detail precisely *what* happened. Nor does
15 Plaintiff explain what defects exist in the tax assessment at issue. He appears to allege that the IRS
16 has improperly withheld his tax refunds for the years 1998 to 2009, even though the IRS
17 acknowledged that Plaintiff's amended tax forms (Forms 4852, 1040, and 1040x) were accurate.
18 *See* FAC ¶¶ 7, 9. Therefore, Plaintiff's claim, in essence, amounts to a civil action for a refund
19 against the IRS. *See* 26 U.S.C. § 7422.

20 As this Court previously noted, Plaintiff must exhaust administrative remedies before
21 bringing such a claim here. *See id.*; *United States v. Clintwood Elkhorn Mining Co.*, 553 U.S. 1, 4
22 (2008) (holding, in an action for refund of taxes paid pursuant to a statute later held to be
23 unconstitutional, that under the Internal Revenue Code, "a taxpayer must file an administrative claim
24 with the [IRS] before filing a suit against the Government."). Specifically, Internal Revenue Code §
25 7433 provides that "[a] judgment for damages shall not be awarded . . . unless the court determines

---

[1] Plaintiff also notes that the Treasury Department has accurate records of his taxable income from 1998 to 2009. FAC ¶ 7. To the extent he seeks his tax records, the Court notes that Mr. Scott might obtain them by filing a request with the IRS pursuant to the Privacy Act, 5 U.S.C. § 552a, or the Freedom of Information Act, 5 U.S.C. § 552.

United States District Court
For the Northern District of California

that the plaintiff has exhausted the administrative remedies available to such plaintiff within the Internal Revenue Code." 26 U.S.C. § 7433. Only after pursuing administrative relief may a taxpayer bring his claim to a federal district court, or, alternatively, to the U.S. Court of Federal Claims. *See* 28 U.S.C. § 1346(a)(1). Additionally, an action for a refund must be "must be filed within three years of the filing of a return or two years of payment of the tax, whichever is later." *Clintwood Elkhorn Mining Co.*, 553 U.S. at 4 (citing 26 U.S.C. § 6511(a)); *see also* 26 U.S.C. § 6532(a) (generally, a taxpayer may not proceed with a suit to recover taxes within six months of bringing an administrative claim, or more than two years after the Treasury Department sends notice of disallowance in response). Alternatively, in certain circumstances which may or may not be applicable here (because the FAC is unclear), a deficiency assessment may be disputed via a petition to the Tax Court. *See* 26 U.S.C. § 6213.

Plaintiff's Original Complaint contained an allegation that Plaintiff had exhausted all administrative remedies, which the Court found to be conclusory. Plaintiff's FAC, on the other hand, does not even allege exhaustion and therefore fails to state a claim upon which relief may be granted. The Court notes that federal regulations set forth procedures for seeking credits, abatements, or refunds. Plaintiff has not alleged he pursued those procedures. 26 C.F.R. §§ 1.6411-1 *et. seq.*

Plaintiff also seeks equitable relief, apparently in the form of an injunction as well as a writ of mandamus, presumably to compel the IRS to follow its administrative assessment procedures. Am. Comp. ¶¶ 29-32. "Injunctive relief against the IRS is generally prohibited by the Anti-Injunction Act." *Cool Fuel, Inc. v. Connett*, 685 F.2d 309, 313 (9th Cir. 1982) (citing 26 USCS § 7421). To the extent Plaintiff seeks injunctive relief, his claim fails because he has not shown it to fall under an exception to the Anti-Injunction Act's prohibition against injunctive relief. *See id.* (holding that payment of disputed tax followed by a lawsuit for refund constituted an adequate remedy at law, such that no exception to the prohibition applied); *see generally Devries v. IRS*, 359 F. Supp 2d 988 (E.D. Cal. 2005) (finding that the taxpayer seeking preliminary ruling invalidating federal tax liens failed to set forth allegations that would establish subject matter jurisdiction to grant

3

1  relief because the Anti-Injunction Act applied without exception to the claim and remedy existed at
2  law in refund action under 26 U.S.C. § 7422).

3      The petition also fails to state a claim under the Mandamus Act. "To be eligible for
4  mandamus relief, the petitioner must establish (1) that he has a clear right to relief, (2) that the
5  respondent's duty to perform the act in question is plainly defined and peremptory, and (3) that he
6  has no other adequate remedy." *Rios v. Ziglar*, 398 F.3d 1201, 1206 (10th Cir. 2005) (citation
7  omitted). The FAC falls short on the each prong. With regard to the first prong, the petitioner has
8  not established any clear right to relief, particularly under the mandamus statute. It also fails on the
9  second prong, as Plaintiff has not described any plainly defined procedure that the IRS failed to
10 follow. Most notably, Plaintiff's claim fails on the third prong, as Plaintiff has another adequate
11 remedy: an administrative claim for a refund. *Cf. Fair v. Steele*, 1989 U.S. Dist. LEXIS 13366
12 (D. Colo. May 2, 1989) (dismissing, under Anti-Injunction Act, a mandamus petition by a taxpayer
13 disputing the IRS' determination of a deficiency and penalty based upon her income tax liabilities
14 where petitioner could, *inter alia*, "pay the deficiency and sue for a refund under 26 U.S.C.
15 § 7422.").

16     Beyond the claim for unauthorized collection or withholding, the FAC contains only
17 conclusory assertions which are not sufficient to state a claim for relief. *See generally Ashcroft v.*
18 *Iqbal*, 129 S. Ct. 1937 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). *See Cousins v.*
19 *Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). While "a complaint need not contain detailed factual
20 allegations . . . it must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Id.*
21 For example, Plaintiff merely states, without adequate explanation, that the IRS has accepted the
22 "validity" of his amended tax forms yet improperly allowed "an administrative assessment
23 procedure, reserved for income of the type of which the Secretary has personal knowledge, to be
24 applied to a source of income outside privileged income." FAC ¶¶ 17, 19, 25. Because the
25 Complaint lacks specifics and does not contain sufficient and coherent factual allegations, Mr. Scott
26 has failed to adequately state any other claim for relief.
27 ///
28 ///

## II. CONCLUSION

For the foregoing reasons, the Court dismisses each of Plaintiff's claims against Secretary Geithner without prejudice pursuant to 28 U.S.C. § 1915(e)(2). The Court will grant Plaintiff leave to file a Second Amended Complaint provided that it contains more detailed allegations *and* is accompanied by evidence that Plaintiff has exhausted of administrative remedies consistent with the requirements of the Internal Revenue Code (*e.g.,* a timely refund claim filed pursuant to 26 C.F.R. §§ 1.6411-1 *et. seq.*). Failure to file a Second Amended Complaint with supporting documentation by July 31, 2011 will result in dismissal of this action with prejudice.

Because the final pages of the Amended Complaint contain Plaintiff's personal information, the Clerk of Court shall place pages 8 and 9 of Plaintiff's Amended Complaint under seal pursuant to Fed. R. Civ. P. 5.

IT IS SO ORDERED.

Dated: March 31, 2011

_____
EDWARD M. CHEN
United States Magistrate Judge

5

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFRY J. SCOTT, | No. C-10-5457 EMC |
| Plaintiff, | |
| v. | **CERTIFICATE OF SERVICE** |
| TIMOTHY F. GEITHNER, | |
| Defendant. _____/ | |

I, the undersigned, hereby certify that I am an employee in the U.S. District Court, Northern District of California. On the below date, I served a true and correct copy of the attached, by placing said copy/copies in a postage-paid envelope addressed to the person(s) listed below, by depositing said envelope in the U.S. Mail; or by placing said copy/copies into an inter-office delivery receptacle located in the Office of the Clerk.

JEFFRY SCOTT
1731 Alabama Street
Vallejo, CA  94590
(707) 553-2909

Dated:  March 31, 2011        RICHARD W. WIEKING, CLERK

                              By:    /s/  Leni Doyle
                                     Leni Doyle
                                     Deputy Clerk